J-S23034-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
v. :
:
TYSON HERNANDEZ, :
:
Appellant : No. 1518 EDA 2016

Appeal from the PCRA Order February 5, 2016
in the Court of Common Pleas of Philadelphia County,
Criminal Division, No(s): CP-51-CR-0800861-2006

BEFORE: OLSON, SOLANO and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.: **FILED MAY 19, 2017**

Tyson Hernandez ("Hernandez") appeals from the Order dismissing his first Petition filed pursuant to the Post Conviction Relief Act. ("PCRA")[1] Additionally, Hernandez's counsel, Todd Mosser, Esquire ("Attorney Mosser"), has filed a Petition for Leave to Withdraw as Counsel. We grant Attorney Mosser's Petition, and affirm the PCRA court's Order.

On August 29, 2006, Hernandez entered a *nolo contendere* plea to possession with intent to deliver a controlled substance, and was sentenced to a one-year probationary term. Hernandez did not file a post-sentence motion or a direct appeal; consequently, his judgment of sentence became final on September 28, 2006. On September 26, 2014, Hernandez filed a "Motion for New Trial Based Upon After-Discovered Evidence; Alternatively, for Post Conviction Collateral Relief; or Alternatively, for a Writ of *Habeas*

---

[1] ***See*** 42 Pa.C.S.A. §§ 9541-9546.

*Corpus*." The PCRA court appointed Hernandez counsel. The PCRA court determined that, although Hernandez's claim was subsumed under the PCRA,[2] he was no longer eligible for PCRA relief because he was no longer serving a sentence. Accordingly, the PCRA court issued a Pa.R.Crim.P. 907 Notice of its intent to dismiss the Petition without a hearing. Hernandez did not respond to the Rule 907 Notice, and on February 5, 2016, the PCRA court dismissed the Petition.[3] Hernandez filed a timely Notice of Appeal. The PCRA court appointed appellate PCRA counsel, Attorney Mosser, who filed a Concise Statement of matters complained of on appeal, pursuant to Pa.R.A.P. 1925(b). Attorney Mosser subsequently determined that Hernandez had no meritorious claims to advance, and filed a Petition to withdraw, along with a "no-merit letter" pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

Prior to addressing Hernandez's claims on appeal, we must address Attorney Mosser's Petition to withdraw as counsel. Pursuant to ***Turner***/***Finley***, independent review of the record by competent counsel is required before withdrawal on collateral appeal is permitted. ***See***

---

[2] As Hernandez's claim was subsumed under the PCRA, the PCRA court treated his Motion as a Petition filed pursuant to the PCRA.

[3] The PCRA court also permitted PCRA counsel to withdraw from representation.

*Commonwealth v. Pitts*, 981 A.2d 875, 876 n.1 (Pa. 2009). In *Pitts*, our Supreme Court explained that such independent review requires proof of:

1. A "no-merit" letter by PC[R]A counsel detailing the nature and extent of his review;

2. The "no-merit" letter by PC[R]A counsel listing each issue the petitioner wished to have reviewed;

3. The PC[R]A counsel's "explanation," in the "no-merit" letter, of why the petitioner's issues were meritless;

4. The PC[R]A court conducting its own independent review of the record; and

5. The PC[R]A court agreeing with counsel that the petition was meritless.

*Id*. (citation and brackets omitted). Further, our Court has held that the Supreme Court in *Pitts* did not expressly overrule the additional requirement imposed by this Court in *Commonwealth v. Friend*, 896 A.2d 607, 615 (Pa. Super. 2006), stating

that PCRA counsel seeking to withdraw contemporaneously forward to the petitioner a copy of the application to withdraw that includes (i) a copy of both the "no-merit" letter, and (ii) a statement advising the PCRA petitioner that, in the event the trial court grants the application of counsel to withdraw, the petitioner has the right to proceed *pro se*, or with the assistance of privately retained counsel.

*Commonwealth v. Widgins*, 29 A.3d 816, 818 (Pa. Super. 2011).

Here, in the *Turner*/*Finley* "no merit" letter, Attorney Mosser described the extent of his review, identified the issues that Hernandez sought to raise, and explained why the issues lacked merit. In addition, Attorney Mosser provided Hernandez with a notice of his intention to seek

permission to withdraw from representation, a copy of the ***Turner*/*Finley***

"no-merit" letter, and advised Hernandez of his rights in lieu of

representation. Thus, we conclude that Attorney Mosser has substantially

complied with the requirements necessary to withdraw as counsel. ***See***

***Commonwealth v. Karanicolas***, 836 A.2d 940, 947 (Pa. Super. 2003)

(holding that substantial compliance with requirements to withdraw as

counsel will satisfy the ***Turner*/*Finley*** criteria). We now independently

review Hernandez's claims to ascertain whether they entitle him to relief.

> We review an order dismissing a petition under the PCRA
> in the light most favorable to the prevailing party at the PCRA
> level. This review is limited to the findings of the PCRA court
> and the evidence of record. We will not disturb a PCRA court's
> ruling if it is supported by evidence of record and is free of legal
> error. This Court may affirm a PCRA court's decision on any
> grounds if the record supports it. We grant great deference to
> the factual findings of the PCRA court and will not disturb those
> findings unless they have no support in the record. However, we
> afford no such deference to its legal conclusions. Further, where
> the petitioner raises questions of law, our standard of review is
> *de novo* and our scope of review is plenary.

***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations

omitted).

To be eligible for relief under the PCRA, the petitioner must plead and

prove by a preponderance of the evidence that he has been convicted of a

crime under the laws of this Commonwealth, "and is at the time relief is

granted … currently serving a sentence of imprisonment, probation or parole

for the crime." 42 Pa.C.S.A. § 9543(a)(1).

Here, Hernandez was not eligible for relief under the PCRA because, at the time he filed his Petition, he was no longer serving a sentence of imprisonment, probation or parole. **See id**.; **see also** PCRA Court Opinion, 6/6/16, at 4. Thus, the PCRA court's ruling is supported by the evidence of record and is free of legal error. We therefore affirm the dismissal of Hernandez's Petition.

Petition to withdraw granted; Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/19/2017